UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAISY Y. PINERO,

                      Plaintiff,

                v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION, INC.;
BURLINGTON COAT FACTORY OF NY, LLC,

                     Defendants.

No. 19-CV-11524 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, appearing pro se, brings this Action under the Court's diversity of citizenship jurisdiction, asserting state-law claims of negligence and negligent infliction of emotional distress. By Order dated February 19, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").

## I. Discussion

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and Complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the Complaint is not served within that time, Plaintiff should request an extension

of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Burlington Coat Factory Warehouse Corporation, Inc., and Burlington Coat Factory of New York, LLC, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 Form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## II. Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 Forms with the addresses for Burlington Coat Factory Warehouse Corporation, Inc., and Burlington Coat Factory of New York, LLC, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 20, 2020
       White Plains, New York

KENNETH M. KARAS
United States District Judge

The Clerk of the Court is directed to
mail a copy of this Order to the Plaintiff

# DEFENDANTS AND SERVICE ADDRESSES

1. Burlington Coat Factory Warehouse Corporation, Inc.
   1830 US-130 N
   Burlington, NJ 08016

2. Burlington Coat Factory of New York, LLC
   1830 US-130 N
   Burlington, NJ 08016